IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
IN OPEN COURT

NOV - 5 2025

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | <u>FILED UNDER SEAL</u> |
| ) | |
| JOHN BERNARD MITCHUM, ) | CRIMINAL NO. 2:25-cr-**133** |
| (Counts 1-11, 13) ) | |
| ) | 18 U.S.C. § 371 |
| JOLIE PEREIRA, ) | Conspiracy to Defraud and Commit |
| (Counts 1-11) ) | Offenses Against the United States |
| ) | (Count 1) |
| ELMER SOTO ESCALANTE, ) | |
| (a/k/a "Luis E. Ortiz Martinez") ) | 8 U.S.C. § 1324(a)(1)(A)(iii); 18 |
| (Counts 1-11, 13) ) | U.S.C. § 2 |
| ) | Harboring Illegal Aliens |
| FNU LNU, using phone numbers ) | (Counts 2-6) |
| last four digits 8005 and 0930 ) | |
| (a/k/a "Palencia") ) | 18 U.S.C. §§ 1028A and 2 |
| (Counts 1, 12-14) ) | Aggravated Identity Theft |
| ) | (Counts 7-11) |
| Defendants. ) | |
| ) | 18 U.S.C. §§ 1028(a)(2) and 2 |
| ) | Unlawful Transfer of False |
| ) | Identification Documents |
| ) | (Counts 12-14) |
| ) | |
| ) | 18 U.S.C. §§ 982(a)(2)(B), |
| ) | 982(a)(6)(A), and 1028(b)(5); 8 |
| ) | U.S.C. § 1324(b)(1); 28 U.S.C. § |
| ) | 2461(c) |
| ) | Asset Forfeiture |
| ) | |

<u>INDICTMENT</u>

November 2025 Term – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

<u>GENERAL ALLEGATIONS</u>

At all times relevant to the Indictment, unless otherwise stated:

<u>The Defendants and Associated Business Entities</u>

1.    JOHN BERNARD MITCHUM was a Division Manager for FAYETTE JANITORIAL SERVICE, LLC, (FAYETTE) from approximately March 2018 to September 2024. FAYETTE was headquartered in Tennessee and specialized in industrial and commercial cleaning services for manufacturing plants, industrial warehouses, and construction sites across the United States. MITCHUM oversaw FAYETTE's contracts for approximately six plants, including a poultry-processing facility for COMPANY 1 in Accomack, Virginia, which is in the Eastern District of Virginia. COMPANY 1 contracted with FAYETTE for cleaning and sanitation services at the poultry-processing plant in Accomack from in and around November 2020 to in and around January 2024 when the contract was terminated.

2.    JOLIE PEREIRA began working at FAYETTE as a clerk in approximately November 2020 and subsequently was a Regional Division Human Resources Manager for FAYETTE from approximately January 2022 to October 2023. PEREIRA was responsible for hiring and retention for approximately 35 processing plants from North Carolina to Rhode Island, including the poultry-processing plant for COMPANY 1 in Accomack. PEREIRA reviewed documents related to the hiring of employees to include the United States Citizenship and Immigration Service Form I-9 (Employment Eligibility Verification). The I-9 Form is used by the United States to verify the identity and employment authorization of people hired for employment. PEREIRA also documented this information in the E-Verify system for validation, which is a web-

based system hosted by the United States for employers to confirm the eligibility of their employees to work.

3. ELMER SOTO ESCALANTE, a/k/a "Luis E. Ortiz Martinez," was a citizen of Guatemala who did not have legal status to live and work in the United States. ESCALANTE used the alias "Luis E. Ortiz Martinez" to unlawfully work at FAYETTE. ESCALANTE was the Site Manager for FAYETTE at the poultry-processing plant for COMPANY 1 in Accomack from in or about March 2021 to in or about January 2024 when the contract between COMPANY 1 and FAYETTE was terminated. ESCALANTE then continued to work for FAYETTE at another of its locations in Pennsylvania. ESCALANTE was supervised by MITCHUM. ESCALANTE was responsible for the direct oversight of two nightly shifts of FAYETTE employees who worked to clean the poultry-processing plant for COMPANY 1. He was also responsible for recruiting new employees to work for FAYETTE at the plant for COMPANY 1.

4. FNU LNU using telephone numbers (last four digits 8005 and 0930) a/k/a "Palencia," (hereinafter FNU LNU) is not fully identified to the Grand Jury. FNU LNU sold fraudulent identification documents to individuals, known and unknown, including to ESCALANTE, which in some cases were used for employees to unlawfully work at FAYETTE. FNU LNU also sold fraudulent identification documents to other employees of FAYETTE, including coconspirators known and unknown, which they used to conceal their lack of legal status to live and work in the United States. FNU LNU resided in Parksley, Virginia, in Accomack County within the Eastern District of Virginia.

<u>Applicable Employment Laws and Regulations</u>

5.     Under United States laws and regulations, non-citizens of the United States ("aliens") are not permitted to work in the United States unless they obtain employment authorization from the United States Government.

6.     Employer sanction provisions, Section 274A of the Immigration and Nationality Act, were added by the Immigration Reform and Control Act of 1986 (IRCA).  These provisions require employers to hire only persons who may legally work in the United States.  To comply with the law, an employer must verify the identity and employment eligibility of any new hire and complete and retain the Employment Eligibility Verification Form, Form I-9.  The failure of an employer to adhere to these provisions of the Immigration and Nationality Act can result in administrative or criminal sanctions.

7.     Employers who comply with the IRCA must maintain records on each employee, such as the Employment Eligibility Verification Form (Form I-9), payroll records, copies of employee documentation of eligibility such as Social Security cards and a valid United States driver's license, among other things.  Employers keep such employee records in the course of their daily business.

8.     According to the IRCA, the law requires employers to retain the Employment Eligibility Verification Form (Form I-9) for three years after the date the person begins work, or one year after the person's employment is terminated, whichever is later.  Also according to the IRCA, a list of acceptable documents to establish identity and employment eligibility include some of the following:  a United States Passport, a certificate of Naturalization, an unexpired Permanent Resident Card (Green Card) issued by the Department of Homeland Security, an unexpired Employment Authorization Document (EAD) issued by the Department of Homeland Security, an

unexpired refugee travel document, and a United States Social Security card issued by the Social Security Administration. The document used by an employee to establish identity should be listed in Section 2 of the Form I-9.

9.     Aliens within the United States who attempt to obtain employment from businesses who comply with the IRCA must provide documentation to establish identity and employment eligibility. The IRCA does not require that employers be document experts when examining documentation submitted by foreign-born employees yet requires that employers make a "good faith effort" to determine whether the documents an applicant is providing are in fact real documents.

10.    The Fair Labor Standards Act (FLSA) prohibits children from employment at poultry processing plants to include cleaning such facilities. Specifically, Hazardous Occupations Order 10 of the FLSA states that no one under the age of 18 years old can work in a poultry processing plant. The FLSA establishes an 18-year minimum age for those nonagricultural occupations that the Secretary of Labor finds and declares to be particularly hazardous for minors or detrimental to their health and well-being. The United States Department of Labor (DOL) is responsible for the administration and enforcement of the FLSA.

<u>Investigative Background</u>

11.    In and around February 2022, an Unaccompanied Alien Child (UAC), with initials M.C.C. a/k/a "F.L.," who was employed by FAYETTE at the poultry-processing plant for COMPANY 1 in Accomack, Virginia, sustained a severe injury to his arm while he was cleaning one of the poultry processing machines, and was pulled into the machine after his clothing caught on a belt. The Form I-9 on file for the UAC falsely indicated he was an adult with a false name

and legal status. Although his real name was M.C.C., he worked at FAYETTE as F.L. under the false pretense that he was an adult. At the time of his injury, he was 14 years old.

12. In October 2023, DHS – Homeland Security Investigations (HSI) delivered a Notice of Inspection (NOI) to FAYETTE at their office in Accomack. The NOI is an administrative function that HSI uses to review I-9 employment forms and identification documents used to validate employment for an individual. HSI reviewed these records and determined that the FAYETTE employees that work at the COMPANY 1 plant in Accomack overwhelmingly used fraudulent identification documents for their employment. The review showed that 339 out of 353 employees were identified as working under suspect documents.

13. Approximately 293 out of the 353 employees submitted state identification cards from Delaware or North Carolina to support their employment at FAYETTE. Law enforcement databases revealed that approximately 284 of the 293 driver's license numbers were invalid numbers or were rejected due to the wrong identification number format.

COUNT ONE

(Conspiracy to Defraud and Commit Offenses Against the United States)

THE GRAND JURY CHARGES THAT:

1.     The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.     Beginning on a date unknown to the Grand Jury, but believed to be in or about at least October 2020, and continuing until in or about January 2024, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia and elsewhere, JOHN BERNARD MITCHUM, JOLIE PEREIRA, ELMER SOTO ESCALANTE (a/k/a "Luis E. Ortiz Martinez"), and FNU LNU using phone numbers with the last four digits 8005 and 0930 (a/k/a "Palencia"), the defendants herein, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, and agree with each other and others known and unknown to the Grand Jury, to:

   a.   defraud the United States of America concerning one or more of its lawful government functions and rights hereafter described, that is:

        i.    To defraud the United States by impeding, impairing, and obstructing the lawful governmental functions of DHS to administer, regulate and enforce the regulations and laws related to the hiring and employment of illegal aliens in the United States;

        ii.   To defraud the United States by impeding, impairing, and obstructing the lawful governmental functions of DHS administer, regulate and enforce the regulations and laws relating to the harboring of illegal aliens; and

        iii.  To defraud the United States by impeding, impairing, and obstructing the lawful governmental functions of the DOL to administer, regulate and enforce the

7

regulations and law relating to the safe employment of minors in the United States.

b. commit one or more of the following offenses, that is:

    i.    To conceal, harbor and shield from detection undocumented non-citizens in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(l)(A)(iii);

    ii.    To knowingly transfer, manufacture, use, and/or possess a false identification document appearing to be a document issued by and under the authority of the United States, knowing that such document was produced without lawful authority, in violation of 18 U.S.C. § 1028; and

    iii.    To knowingly use the means of identifications of other persons in order to hire, employ, and harbor unlawful aliens, in violation of 18 U.S.C. § 1028A.

<u>WAYS, MANNER, AND MEANS OF THE CONSPIRACY</u>

The ways, manner and means by which the foregoing objectives of the conspiracy to defraud the United States and commit offenses against the United States were to be accomplished included, but were not limited to, the following:

1.    Recruiting and using illegal aliens, including children, who illegally entered the United States as employees to work for FAYETTE on the overnight shift at its location at a poultry processing plant in Accomack, Virginia and elsewhere.

2.    Exploiting minors to work in unsafe labor conditions in violation of the FLSA and corresponding regulations, resulting in injury.

3.    Producing, purchasing, and using fraudulent identification documents, including Social Security cards and driver's licenses, so that the illegal aliens could be entered in the I-9

system without detection by government authorities, and concealing and shielding their identities from the same.

4.      Reusing these identification documents, which FAYETTE employees referred to as "rehiring," for new employees.

5.      Paying the fraudulently documented employees via prepaid payroll and disbursement card rather than through traditional bank accounts.

OVERT ACTS

In furtherance of the conspiracy and to bring about the objects and goals of the conspiracy to defraud and to commit offenses against the United States, JOHN BERNARD MITCHUM, JOLIE PEREIRA, ELMER SOTO ESCALANTE (a/k/a "Luis E. Ortiz Martinez"), and FNU LNU using phone numbers with the last four digits 8005 and 0930 (a/k/a "Palencia"), the defendants herein, along with other known and unknown coconspirators committed overt acts in the Eastern District of Virginia, and elsewhere, including but not limited to the following:

1.      In and around January and February 2022, MITCHUM, PEREIRA, and ESCALANTE hired and/or employed and/or supervised M.C.C. to work for FAYETTE as a cleaner at the poultry-processing facility for COMPANY 1 in Accomack, even though M.C.C. was actually a minor without legal status to lawfully work in the United States. M.C.C. worked at FAYETTE under the alias of an adult, F.L. In February 2022, M.C.C. was seriously injured at FAYETTE. After ESCALANTE informed PEREIRA of the injury, PEREIRA wrote, "tell his family member to make sure he says he is Francisco [at the hospital] because if not he will be in trouble." PEREIRA also provided ESCALANTE with M.C.C.'s false date of birth. ESCALANTE responded, "Yes I already did."

2. In and around May 2023 through November 2023, MITCHUM, PEREIRA, and ESCALANTE hired and/or employed and/or supervised Y.E.G., then a ninth- and tenth-grader who was 18 years old, to work for FAYETTE as a cleaner at the poultry-processing facility for COMPANY 1 in Accomack, even though Y.E.G. lacked legal status to lawfully work in the United States. Y.E.G. worked at FAYETTE under the alias of A.R. Soon after HSI delivered a NOI to FAYETTE, approximately a year-and-a-half after M.C.C.'s injury, MITCHUM and other FAYETTE employees told Y.E.G. she could no longer work there because she looked young and minors were not allowed. Y.E.G. then presented her actual birth certificate from Guatemala which showed her true name and date of birth. Y.E.G. continued to work at FAYETTE under the name A.R. for a short time until MITCHUM and other FAYETTE employees told her that she could no longer work at FAYETTE because she looked young.

3. In and around December 2020 through November 2023, MITCHUM, PEREIRA, and ESCALANTE hired and/or employed and/or supervised L.E.L., to work for FAYETTE as a cleaner and then a secretary at the poultry-processing facility for COMPANY 1 in Accomack, even though L.E.L. lacked legal status to lawfully work in the United States. L.E.L. worked at FAYETTE under the alias of N.C. L.E.L. purchased her fraudulent identity documents from FNU LNU using phone numbers with the last four digits 8005 and 0930.

4. In and around September 2021, PEREIRA and ESCALANTE allowed an illegal alien to work under the alias R.A. PEREIRA texted ESCALANTE that the illegal alien was working under a name that the Social Security Administration had informed FAYETTE was a stolen identity. ESCALANTE responded, "he asked me, if he can work with R.A.'s name, R. is not coming back to work." PEREIRA responded, "as long as I don't know i don't care," and

ESCALANTE wrote, "Alright, no one knows." FAYETTE's records, including the I-9 and E-verify, indicate an individual using the name R.A. was previously hired in November 2020.

5.      The illegal alien who began using R.A.'s identity in or about September 2021 was actually a minor, K.D.M.  At the time, he was 16 years old and enrolled at Arcadia High School in Accomack County, Virginia.

6.      In and around April 2022, PEREIRA and ESCALANTE allowed an illegal alien unidentified to the grand jury to work under the alias M.S.  ESCALANTE wrote PEREIRA that he had "new docs" for A.G., and then texted her an image of a fraudulent Delaware identification card with identifiers for M.S.

7.      In and around February 2024, following the issuance of the NOI and COMPANY 1's termination of its contract with FAYETTE, MITCHUM agreed to continue employing ESCALANTE despite knowing ESCALANTE did not have legal status to work in the United States through the results of the NOI. A FAYETTE supervisor texted MITCHUM, "We will retain on Luis.  Obviously DHS is still a concern but right now we can absorb him."  MITCHUM responded, "Understood."

8.      MITCHUM assisted individuals without legal immigration status obtain false identification documents that would allow them to work in the United States.  On several occasions, MITCHUM received photographs of individuals without legal immigration status via text message. MITCHUM sent the same photographs to other individuals with a request to produce false identification documents to include a driver's license, a birth certificate, and a social security card. After a short period of time the identification documents were received by MITCHUM and were used for employment purposes at companies including FAYETTE.  For instance, on or about March 20, 2023, MITCHUM received two photographs via text message from a phone number

ending in 4117. On that same day, MITCHUM sent the same two photographs to the phone number ending in 6462 with a text message saying, "Good morning sir, I need two more IDs". Later that day, MITCHUM sent a text message to the phone number ending in 6462 saying, "Hey, I'm getting ready to head to New Jersey do you have the ID with you?" On or about March 23, 2023, MITCHUM received text messages from phone number ending in 6462 of photographs of two Delaware driver's licenses with the same photographs sent from the phone number ending in 7114, two Texas birth certificates, and two social security cards. MITCHUM sent a response to the phone number ending in 6462 saying, "Perfect ready for round two". MITCHUM sent photographs of two more individuals to the phone number ending in 6462. MITCHUM also sent the photographs of the identification documents to the phone number ending in 4117.

9. On multiple occasions, MITCHUM obtained fraudulent identification documents for FAYETTE employees by coordinating for the purchase of those documents from ESCALANTE and FNU LNU using telephone numbers last four digits 8005 and 0930, and others known and unknown. For example, a text message conversation on or about November 16, 2023, between phone number ***-***-6371 and MITCHUM follows:

MITCHUM: Photos

MITCHUM: Los photos porfa

***-***-6371: IMAGE NOT DISPLAYED

***-***-6371: [Photo of Hispanic male red shirt with black under shirt]

Following the above text message thread, the following text message exchange occurred on or about November 16, 2023:

MITCHUM: [Photo of Hispanic male red shirt with black under shirt (Same image as above)]

ESCALANTE: Who's this

MITCHUM: One of the guys

MITCHUM: I know he's got bad life style choices

ESCALANTE: ok

On or about November 21, 2023, the above text message thread continued on WhatsApp:

ESCALANTE: Good afternoon boss

ESCALANTE: I remember that you sent me one more picture with a red shirt, but I can't find it, I am talking to my friend about the items

ESCALANTE: No is different person

On or about November 27 to 29, 2023, the above text message thread continued on WhatsApp:

MITCHUM: Any luck on the turn around

ESCALANTE: Nothing yet, the guy was on Vac

MITCHUM: Ok I can buy a day or two but I can't start the system until

ESCALANTE: Understand boss, but this guy was on Vacation

On or about December 8, 2023, MITCHUM sent ESCALANTE $3,300.00 through Cash App to purchase fraudulent identification documents for individuals to unlawfully work for FAYETTE. On the same day, a phone call occurred between ESCALANTE and FNU LNU, who was using the 8005 number. One day after receiving money from MITCHUM via Cash App, on or about December 9, 2023, ESCALANTE sent MITCHUM the following messages over the encrypted message service WhatsApp:

ESCALANTE: I have them on hand

MITCHUM: Where are you?

ESCALANTE: Home

MITCHUM: Ok

On or about January 31, 2024, a text message thread between FNU LNU using telephone numbers last four digits 8005 and 0930 and ESCALANTE follows, with translations:

> FNU LNU: Ya lo tengo [I already have it]

> ESCALANTE: Esta bien gracias [It's okay, thank you]

The conversation continued on or about February 2, 2024:

> FNU LNU: Yano pasaste por el jale [You didn't go through the pull]

> ESCALANTE: Ya no pase [It doesn't happen anymore]

> ESCALANTE: Estoy in Pennsylavnia [I'm in Pennsylvania]

> ESCALANTE: Pero llegare el fin de semana [But I'll arrive on the weekend]

> FNU LNU: Abueno [Well]

> FNU LNU: Ya te dieron lo del resto [They'll give you the rest]

> ESCALANTE: Aun no me lo dan [They don't give it to me]

> FNU LNU: Para cuando seria [For when would it be]

> ESCALANTE: Pero lo conseguire yo, pore so me vine a trabajar hasta aqui [But I'll get it, that's why I came to work here]

> FNU LNU: Esta vien [It's coming]

On or about February 5, 2024, the following text message thread took place between ESCALANTE and MITCHUM:

> ESCALANTE: Photograph of a Fraudulent Delaware identification card in the name R.D.L.L. which displayed the same photograph of the Hispanic male with the red shirt. [This photograph has a location stamp in Philadelphia, Pennsylvania.]

> ESCALANTE: I'm here

> MITCHUM: Perfect

> ESCALANTE: I gave it to him already

> MITCHUM: Thank you so much have a safe trip

ESCALANTE: You're welcome and Thank you I will

(All in violation of Title 18, United States Code, Section 371.)

## COUNTS TWO THROUGH SIX
### (Harboring Illegal Aliens)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.      On or about the following date ranges, in the Eastern District of Virginia and elsewhere, JOHN BERNARD MITCHUM, JOLIE PEREIRA, and ELMER SOTO ESCALANTE (a/k/a "Luis E. Ortiz Martinez"), defendants herein, listed in the counts below, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, knowing and in reckless disregard of the fact that the following aliens had come to, entered and remained in the United States in violation of law, did conceal, harbor and shield and did attempt to conceal, harbor and shield from detection such aliens in buildings and other places and by means of transportation for the purpose of commercial advantage and private financial gain:

| Count | Defendant(s) | Dates (on or about) | Alien Harbored |
|---|---|---|---|
| 2 | MITCHUM, PEREIRA, and ESCALANTE | December 2020 – November 2023 | L.E.L. a/k/a N.C. |
| 3 | MITCHUM, PEREIRA, and ESCALANTE | September 2021 – Second Quarter 2023 | K.D.M. a/k/a R.A. |
| 4 | MITCHUM, PEREIRA, and ESCALANTE | January 2022 – February 2022 | M.C.C. a/k/a F.L. |
| 5 | MITCHUM, PEREIRA, and ESCALANTE | April 2022 – Second Quarter 2023 | FNU LNU 2 a/k/a M.S. |
| 6 | MITCHUM, PEREIRA, and ESCALANTE | April 2023 – November 2023 | Y.E.G. a/k/a A.R. |

(In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) and Title 18, United States Code, Section 2).

<u>COUNTS SEVEN THROUGH ELEVEN</u>
(Aggravated Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section and in Count One are incorporated herein by reference as if set out in full.

2. On or about the date and in the manner set forth below, in the Eastern District of Virginia and elsewhere, defendants, JOHN BERNARD MITCHUM, JOLIE PEREIRA, and ELMER SOTO ESCALANTE, defendants herein, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), knowing that the means of identification belonged to another actual person:

| Count | Defendant(s) | Date (in or about) | Means of Identification | Description of Transaction | During and In Relation to Felony Violation |
|-------|-------------|--------------------|-----------------------|--------------------------|--------------------------------------------|
| 7 | MITCHUM, PEREIRA, and ESCALANTE | December 2020 | N.C.'s Social Security number, name, and date of birth | Use of a real person's identity to pass the employment verification process and unlawfully work for FAYETTE | Count Two (Harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)) |
| 8 | MITCHUM, PEREIRA, and ESCALANTE | September 2021 | R.A.'s Social Security number, name, and date of birth | Use of a real person's identity to unlawfully work for FAYETTE | Count Three (Harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)) |

| Count | Defendant(s) | Date (in or about) | Means of Identification | Description of Transaction | During and In Relation to Felony Violation |
|-------|--------------|--------------------|-------------------------|----------------------------|---------------------------------------------|
| 9 | MITCHUM, PEREIRA, and ESCALANTE | January 2022 | F.L.'s Social Security number, name, and date of birth | Use of a real person's identity to pass the employment verification process and unlawfully work for FAYETTE | Count Four (Harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)) |
| 10 | MITCHUM, PEREIRA, and ESCALANTE | April 2022 | M.S.'s Social Security number, name, and date of birth | Use of a real person's identity to pass the employment verification process and unlawfully work for FAYETTE | Count Five (Harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)) |
| 11 | MITCHUM, PEREIRA, and ESCALANTE | April 2023 | A.R.'s Social Security number, name, and date of birth | Use of a real person's identity to pass the employment verification process and unlawfully work for FAYETTE | Count Six (Harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)) |

(In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.)

## COUNTS TWELVE THROUGH FIFTEEN
(Unlawful Transfer of False Identification Documents)

THE GRAND JURY FURTHER CHARGES THAT:

1.    The factual allegations contained in the General Allegations section and in Count One are incorporated herein by reference as if set out in full.

2.    On or about the dates set forth below, in the Eastern District of Virginia, JOHN BERNARD MITCHUM, ELMER SOTO ESCALANTE, a/k/a "Luis E. Ortiz Martinez," and FNU LNU using telephone numbers (last four digits 8005 and 0930) also known as "Palencia," defendants herein as set forth below, did knowingly transfer the following identification documents, authentication features, and false identification documents knowing that such documents and features were stolen or produced without lawful authority, and said documents and features falsely appear to have been issued by and under the authority of the United States:

| Count | Defendant(s) | Date (in/on or about) | Transaction |
|---|---|---|---|
| 12 | FNU LNU using telephone numbers (last four digits 8005 and 0930) also known as "Palencia" | July 24, 2024 | A controlled purchase of a counterfeit Social Security card for $250 from FNU LNU in Parksley, Virginia, after communicating with FNU LNU on his telephone numbers (last four digits 8005 and 0930). |
| 13 | MITCHUM, ESCALANTE, and FNU LNU using telephone numbers (last four digits 8005 and 0930) also known as "Palencia" | November 16, 2023 through February 5, 2024 | MITCHUM arranged for ESCALANTE to purchase counterfeit identification documents in the name of R.D.L.L. from FNU LNU in Parksley, Virginia, after communicating with FNU LNU on his telephone numbers (last four digits 8005 and 0930) for an employee to illegally work for FAYETTE. |
| 14 | FNU LNU using telephone numbers (last four digits 8005 and 0930) | October 3, 2025 | A controlled purchase of a counterfeit Social Security card for $250 from FNU LNU in Parksley, Virginia after communicating with |

| | also known as "Palencia" | | FNU LNU on his telephone number (last four digits 8005 and 0930). |
|---|---|---|---|

(In violation of Title 18, United States Code, Sections 1028(a)(2) and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.      The defendants, if convicted of any of the violations alleged in Count One of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

      a.  As to the 8 U.S.C. § 1324(a)(1)(A)(iii) object of Count One:

            i.  Any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the violation;

            ii.  Any conveyance, including any vessel, vehicle, or aircraft used in the commission of the violation; and

            iii.  Any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of the violation.

      b.  As to the 18 U.S.C. § 1028 object of Count One:

            i.  Any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation; and

            ii.  Any personal property used or intended to be used to commit the violation.

2.      The defendants, if convicted of either of the violations alleged in Counts Two through Six of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

      a.  Any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the violation;

b.  Any conveyance, including any vessel, vehicle, or aircraft used in the commission of the violation; and

c.  Any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of the violation.

3.      The defendants, if convicted of any of the violations alleged in Counts Twelve through Fourteen of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

a.      Any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of the violation;

b.      Any personal property used or intended to be used to commit the violation;

4.      If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Sections 982(a)(2)(B), 982(a)(6)(A), and 1028(b)(5); Title 8, United States Code, Section 1324(b)(1); and Title 28, United States Code, Section 2461(c).)

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

A TRUE BILL:

REDACTED COPY.

_____
FOREPERSON

Lindsey Halligan
United States Attorney

By: _____

for D. Mack Coleman
Assistant United States Attorney
Eastern District of Virginia – Newport News
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Email: mack.coleman@usdoj.gov

By: _____

E. Rebecca Gantt
Assistant United States Attorney
Eastern District of Virginia – Norfolk
101 W. Main St., Suite 8000
Norfolk, Virginia 23510
Tel. (757) 441-6331
Fax: (757) 441-6689
Email: rebecca.gantt@usdoj.gov